IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

Deborah VanHorn,

    Plaintiff,

vs.

Centene Management Company, LLC.,
Sunshine State Health Plan, Inc.,
and Sunshine Health,

    Defendants.

_____/

Case No: 18-CA-2203

DIV J

2018 MAR -9 PM 4: [illegible]
COURTS
CLERK OF
CIRCUIT COURT

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEBORAH VANHORN, by and through her undersigned counsel, sues Defendants, CENTENE MANAGEMENT COMPANY, LLC., SUNSHINE STATE HEALTH PLAN, INC. AND SUNSHINE HEALTH, and states as follows:

### INTRODUCTION

1. This is an action for damages that exceeds fifteen thousand dollars and no/100 ($15,000.00), against Defendants Centene Corporation, Sunshine State Health Plan, Inc. and Sunshine Health (collectively "Defendants") to address discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended 24 U.S.C. § 209(e) ("Title VII"), the Florida Civil Rights Act (the "FCRA"), the Americans with Disabilities Act (the "ADA"), and for the tort of negligent supervision.

2. Ms. VanHorn is a former employee of Defendants.

3. During all times relevant to this matter, Ms. VanHorn was an employee subject to the protections of Title VII, the FCRA, the ADA, and other Florida Law.

### JURISDICTION AND VENUE

1

4. This court has subject matter jurisdiction over this action, pursuant to Chapter 26, Florida Statutes, as Plaintiff seeks to recover damages in excess of $15,000.00, exclusive of attorneys' fees, costs, and interest.

5. Venue is proper under Chapter 47, Florida Statutes, as Plaintiff's claim arose in Hillsborough County, Florida.

6. Additionally, venue is proper under Chapter 47, Florida States, as Defendants have, or usually keep, an office for transaction of their customary business or has an agent or other representative in Hillsborough County, Florida.

## THE PARTIES

7. At all times material hereto, Plaintiff was a resident of the State of Florida. Plaintiff was and is a protected employee under Title VII, the FCRA, the ADA, and other Florida Law.

8. Defendants are organized under the laws of the State of Florida and registered and licensed to do business in Florida.

9. At all times material hereto, Defendants transacted business and performed services in this Judicial District.

10. Defendants were Plaintiff's employer within the scope of Title VII, the FCRA, the ADA, and other Florida Law, during the times relevant to this Complaint.

11. Plaintiff has satisfied all conditions precedent to filing this action.

## STATEMENT OF FACTS

12. In or around September 2013, Plaintiff was hired as a "Community Outreach Coordinator" by Defendants on a full-time, salaried basis for their Tampa location. Plaintiff was later promoted to "Marketing & Communications Specialist".

13. While employed by Defendants, Plaintiff's assigned supervisor, Director of Marketing & Communications David Carrasco, engaged in a pattern of hostile and/or retaliatory behavior beginning in the summer of 2016 and continuing throughout the term of Plaintiff's employment with Defendants.

14. Mr. Carrasco's behavior included multiple inappropriate comments and invasions of Plaintiff's physical space. Mr. Carrasco also made inappropriate phone calls to Plaintiff while she was out sick, out on PTO and during her vacation.

15. During the summer of 2016, Mr. Carrasco called Plaintiff's home while she was out sick and was answered by Plaintiff's then-boyfriend, who asked why Mr. Carrasco was calling their house while Plaintiff was out sick. Mr. Carrasco abruptly ended the call. Upon returning to work, Plaintiff was chastised by Mr. Carrasco for not informing him that she was in a relationship, and her workload was immediately increased.

16. In or around October of 2016, Plaintiff was denied by her immediate supervisor, Mr. David Carrasco, the use of her accrued sick days to be with her then-fiancée as he underwent surgery. Plaintiff was questioned by Mr. Carrasco as to why she did not inform him that she had a fiancée.

17. Also in or around October of 2016, Plaintiff was informed that she would report to a new immediate supervisor, Ms. Barbara Getz. Several weeks after having been assigned a new supervisor, Plaintiff was verbally informed that she would continue to report to Mr. David Carrasco, even though Ms. Barbara Getz would remain her nominal supervisor in the company system.

18. In or around December of 2016, Plaintiff and her then-fiancée travelled to Ft. Lauderdale to assist with a corporate function, having been told by Mr. Carrasco that all travel

expenses would be covered for her and her then-fiancée. However, upon arriving in Ft. Lauderdale, Mr. Carrasco refused to pay the expenses of Plaintiff's then-fiancée, stating that no more volunteers were needed.

19. On or around January 19, 2017, Mr. Carrasco called Plaintiff over to his cubicle and, while remaining seated in his desk chair as Plaintiff was standing, grabbed Plaintiff tightly by the hand and began stroking her arm, grazing closely to her breast. Mr. Carrasco stated to Plaintiff that he loved her and that she could call him anytime, among other inappropriate remarks implying a desire on the part of Mr. Carrasco for a close relationship between him and Plaintiff. Plaintiff pulled her arm away from Mr. Carrasco and stated that she would never call him.

20. On January 20, 2017, Plaintiff was verbally berated by Mr. Carrasco after he refused to sign her travel expense reports. Also on this day, Plaintiff represented to Mr. Carrasco her concerns regarding her increased workload and lack of necessary technological training to complete her new assigned job duties. Plaintiff was told by Mr. Carrasco that she needed to independently seek out additional technological training or find another job. This incident was witnessed by two other employees, who reported it to HR.

21. On January 23, 2017, Plaintiff verbally expressed her work concerns to Jennifer Guy, Vice President of Communications, while Mr. David Carrasco was present on the conference call. Plaintiff was repeatedly berated by Ms. Guy on this conference call, who stated that Plaintiff would be unhappy in her job regardless of the training she had. When Plaintiff did not concede, Ms. Guy appealed to Mr. Carrasco and stated the he should "try to make her understand."

22. On January 24, 2017, Plaintiff called out sick to Mr. Carrasco, who called her twice on her cell phone over the course of that day. On this same, Plaintiff reported the January 19, 2017 incident involving David Carrasco to Centene Human Resources, as well as in a report to the Hillsborough County Sheriff's office.

23. In or around January 2017, Plaintiff called out sick again, this time to her nominal supervisor Barbara Getz. Plaintiff was then contacted via email by Mr. Carrasco and told that she needed to report to him, not Ms. Getz.

24. The harassment was pervasive, severe, and continued despite multiple complaints. Plaintiff's workload was increased to unreasonable levels and she was tasked with performing work for which she had little or no experience or training.

25. Plaintiff reported all such behavior to Centene Human Resources on January 24, 2017. Plaintiff also filed a report with the Hillsborough County Sheriff's Office on January 24, 2017.

26. In or around January 2017, Plaintiff was granted FMLA leave. Plaintiff was suffering and continues to suffer from PTSD, severe depression and panic attacks as a result of her hostile work environment and the longstanding retaliatory pattern of harassment, both sexual and otherwise, by her immediate supervisor Mr. David Carrasco. Plaintiff's FMLA leave continued through to April 2017.

27. In or around February 2017, Plaintiff was interviewed by the HR Manager in the Maitland office regarding the January 19, 2017 incident involving David Carrasco. The HR Manager refused to allow Plaintiff's then-fiancée into the room to be present for the interview, and refused to provide Plaintiff with a copy of the printed interview questions. On February 14,

2017, Plaintiff received the HR Manager's notes for the February 2 meeting, in which several key questions and pieces of information were omitted.

28. Several times during January and February of 2017, Plaintiff requested of Human Resources that they locate and secure the video footage of the January 19 incident in which she was assaulted by David Carrasco.

29. On February 22, 2017, Defendants mandated Workplace Harassment Training for all employees.

30. In May of 2017, Defendants failed to pay Plaintiff her 2016 employee bonus, which was paid to associates in the second quarter of 2017. On May 30, Plaintiff received an email from Jalie Cohen, Vice President of Human Resources for Sunshine Health/ Centene Corporation, stating that the termination of Plaintiff's employment with Defendants would be effectuated June 1, 2017 and considered a voluntary resignation.

31. Defendants failed to reasonably accommodate Plaintiff by keeping Mr. David Carrasco employed in a supervisory capacity.

32. Defendants granted FMLA leave but continued to refuse any reasonable accommodation of Plaintiff's condition. Plaintiff was not medically cleared to return to work under such unchanged circumstances, and Defendants told Plaintiff she had to get Short Term Disability or ADA accommodation or have her position terminated. Plaintiff said she did not wish to resign, explained she was not sure how to proceed, and that she was attempting to get short term disability, while again reiterating to Defendants a need to change her circumstances so she might return to work. Defendants chose to terminate Plaintiff rather than accommodate her, and in direct retaliation for her medical issues that results from the pervasive and severe sexual

harassment that included increasing her workload and responsibilities unreasonably immediately after she complained of her harassment.

## COUNT I – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

33. Plaintiff re-alleges paragraphs 1 through 32.

34. The aforementioned actions of Defendants constitute discrimination against Plaintiff in violation of Title VII.

35. Plaintiff is a member of a protected class under Title VII.

36. Plaintiff was injured due to Defendants' violations of Title VII, including but not limited to, being subjected to severe, pervasive sexual harassment that created a work environment a reasonable person would consider hostile, abusive, and intimidating.

37. Plaintiff is entitled to legal relief as a result of Defendants' actions.

**WHEREFORE,** Plaintiff demands:

(a) Compensation for lost wages, benefits, and other remuneration;

(b) Compensatory damages, including emotional distress, allowable at law;

(c) Punitive damages;

(d) Prejudgment interest on all monetary recovery obtained;

(e) All costs and attorney's fees incurred in prosecuting these claims; and

(f) For such further relief as the Court deems just and equitable.

## COUNT II – TITLE VII VIOLATION
### (RETALIATION)

38. Plaintiff re-alleges paragraphs 1 through 32 above.

39. The aforementioned actions of Defendants constitute retaliation against Plaintiff based upon Plaintiff's protected status in violation of Title VII.

harassment that included increasing her workload and responsibilities unreasonably immediately after she complained of her harassment.

### COUNT I – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

33. Plaintiff re-alleges paragraphs 1 through 32.

34. The aforementioned actions of Defendants constitute discrimination against Plaintiff in violation of Title VII.

35. Plaintiff is a member of a protected class under Title VII.

36. Plaintiff was injured due to Defendants' violations of Title VII, including but not limited to, being subjected to severe, pervasive sexual harassment that created a work environment a reasonable person would consider hostile, abusive, and intimidating.

37. Plaintiff is entitled to legal relief as a result of Defendants' actions.

**WHEREFORE**, Plaintiff demands:

(a) Compensation for lost wages, benefits, and other remuneration;

(b) Compensatory damages, including emotional distress, allowable at law;

(c) Punitive damages;

(d) Prejudgment interest on all monetary recovery obtained;

(e) All costs and attorney's fees incurred in prosecuting these claims; and

(f) For such further relief as the Court deems just and equitable.

### COUNT II – TITLE VII VIOLATION
### (RETALIATION)

38. Plaintiff re-alleges paragraphs 1 through 32 above.

39. The aforementioned actions of Defendants constitute retaliation against Plaintiff based upon Plaintiff's protected status in violation of Title VII.

40. Defendants' actions were willful.

41. Defendants' actions were done with malice.

42. Plaintiff was injured due to Defendants' violations of Title VII, including but not limited to, being subjected to severe and pervasive sexual harassment that created a work environment a reasonable person would consider hostile, abusive, and intimidating.

43. Plaintiff reported the sexual harassment to Defendants.

44. Defendants did not alter the work environment to prevent the ongoing harassment. Plaintiff's anxiety over the situation required her to leave the work environment. Defendants were properly informed of Plaintiff's condition. In response to this reporting, and rather than alter the working environment or otherwise reasonably accommodate Plaintiff, Defendants chose to terminate plaintiff's employment.

45. Plaintiff is entitled to legal relief as a result of Defendants' actions.

**WHEREFORE**, Plaintiff demands:

(a) Compensation for lost wages, benefits, and other remuneration;

(b) Compensatory damages, including emotional distress, allowable at law;

(c) Punitive damages;

(d) Prejudgment interest on all monetary recovery obtained;

(e) All costs and attorney's fees incurred in prosecuting these claims; and

(f) For such further relief as the Court deems just and equitable.

COUNT III – FCRA VIOLATION
(SEX DISCRIMINATION)

46. Plaintiff re-alleges paragraphs 1 through 32.

47. The aforementioned actions of Defendants constitute sexual harassment against Plaintiff in violation of the FCRA.

48. Plaintiff is a member of a protected class under the FCRA.

49. Plaintiff was injured due to Defendants' violations of the FCRA, including but not limited to being subjected to severe, pervasive sexual harassment that created a work environment a reasonable person would consider hostile, abusive, and intimidating.

50. Plaintiff is entitled to legal relief as a result of Defendants' actions.

**WHEREFORE,** Plaintiff demands:

(a) Compensation for lost wages, benefits, and other remuneration;

(b) Compensatory damages, including emotional distress, allowable at law;

(c) Punitive damages;

(d) Prejudgment interest on all monetary recovery obtained;

(e) All costs and attorney's fees incurred in prosecuting these claims; and

(f) For such further relief as the Court deems just and equitable.

<u>COUNT IV - FCRA VIOLATION</u>
(RETALIATION)

51. Plaintiff re-alleges paragraphs 1 through 32 above.

52. The aforementioned actions of Defendants constitute retaliation against Plaintiff based upon Plaintiff's protected status in violation of the FCRA.

53. Defendants' actions were willful.

54. Defendants' actions were done with malice.

55. The retaliation described herein was based on Plaintiff's reporting of harassment and request for investigation into, and change in, working environment, as well as reasonably

request for accommodation of anxiety directly attributable to the pervasive sexual harassment in the work environment.

56. Plaintiff was injured due to Defendants' violations of the FCRA, including but not limited to, being subjected to severe and pervasive sexual harassment that created a work environment a reasonable person would consider hostile, abusive, and intimidating and given increased workload, diminished job authority, diminished autonomy, heightened scrutiny, and ultimately terminated rather than being afforded any accommodation or substantial change in the nature of the ongoing sexual harassment.

57. Plaintiff properly, repeatedly reported the sexual harassment to Defendants.

58. Plaintiff's anxiety over the situation required her to leave the work environment. Defendants did not alter the work environment to prevent the ongoing harassment. Rather than alter the working environment, or accommodate Plaintiff, Defendants chose to terminate plaintiff's employment.

59. Plaintiff is entitled to legal relief as a result of Defendants' actions.

**WHEREFORE**, Plaintiff demands:

    (a) Compensation for lost wages, benefits, and other remuneration;

    (b) Compensatory damages, including emotional distress, allowable at law;

    (c) Punitive damages;

    (d) Prejudgment interest on all monetary recovery obtained;

    (e) All costs and attorney's fees incurred in prosecuting these claims; and

    (f) For such further relief as the Court deems just and equitable.

<u>COUNT V - ADA VIOLATION</u>
(DISCRIMIATION)

60. Plaintiff re-alleges paragraphs 1 through 32 above.

61. Plaintiff is a protected individual under the ADA.

62. Plaintiff suffered extreme anxiety and medical disability as a result of her harassment and Defendants' failure to alter the pervasive harassment present in the work environment or otherwise accommodate her conditions.

63. Plaintiff's termination was a retaliatory personnel action as described in Fla. Stat. § 448.101(5)

**WHEREFORE,** Plaintiff demands:

    (a) Compensation for lost wages, benefits, and other remuneration;

    (b) All costs and attorney's fees incurred in prosecuting these claims; and

    (c) For such further relief as the Court deems just and equitable.

## COUNT VI - ADA VIOLATION
## (RETALIATION)

64. Plaintiff re-alleges paragraphs 1 through 32 above.

65. Plaintiff is a protected individual under the ADA.

66. Plaintiff suffered extreme anxiety and medical disability as a result of pervasive and severe sexual harassment and Defendants' failure to alter the pervasive harassment present in the work environment or otherwise accommodate her conditions.

67. Plaintiff's termination was a retaliatory personnel action as described in Fla. Stat. § 448.101(5)

**WHEREFORE,** Plaintiff demands:

    (a) Compensation for lost wages, benefits, and other remuneration;

    (b) All costs and attorney's fees incurred in prosecuting these claims; and

    (c) For such further relief as the Court deems just and equitable.

## COUNT VII – NEGLIGENT SUPERVISION & RETENTION

68. Plaintiff re-alleges paragraphs 1 – 32 above.

69. Plaintiff made Defendants aware of problems with her supervisor. Employer failed to take action or conduct an investigation which was negligent given the allegations. *Dep't of Envtl. Prot. v. Hardy*, 907 So. 2d 655, 660 (Fla. 5th DCA 2005).

70. The Defendants "negligently placed Plaintiff "under the supervision of [an employee], when [the defendants] either knew or should have known that [the employee] had the propensity to commit [the torts committed]." *Malicki v. Doe*, 814 So. 2d 347, 362 (Fla. 2002).

71. Defendants "(i) knows or has reason to know that" Plaintiff's supervisor "has the ability to control his servant, and (ii) knows or should know of the necessity and opportunity for exercising such control," "is under a duty to exercise reasonable care so to control his servant while acting outside the course of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them . . . ." *Id.* at 361 n.14 (emphasis omitted) quoting RESTATEMENT (SECOND) OF TORTS § 317 (AM. LAW INST. 1965)). ACTS Ret.-Life Cmtys. Inc. v. Estate of Zimmer, 206 So. 3d 112, 114-15 (Fla. 4th DCA 2016). G4S Secure Sols. USA, Inc. v. Golzar, 208 So. 3d 204 (Fla. 3d DCA 2016).

**WHEREFORE,** Plaintiff demands:

(a) Compensation for lost wages, benefits, and other remuneration;

(b) All costs and attorney's fees incurred in prosecuting these claims; and

12

(c) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated March 8, 2018

Respectfully submitted,

JOHN BALES ATTORNEYS

_____
Thomas E. Whigham Jr.
Florida Bar No. 106791
A Bales Professional Association
625 E. Twiggs St., Suite 100
Tampa, FL 33602
Telephone: (813) 224-9100
Telefacsimile: (813) 224-9109
Service Email: Team-EmploymentLaw@JohnBales.com