UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH VANHORN,

    Plaintiff,

v.    Case No: 8:18-cv-937-T-36JSS

CENTENE MANAGEMENT COMPANY,
LLC, SUNSHINE STATE HEALTH
PLAN, INC. and SUNSHINE HEALTH,

    Defendants.
_____/

# **ORDER**

This matter comes before the Court upon Plaintiff's Motion to Stay Proceedings Pending Ruling on the Motion to Withdraw as Counsel and Memorandum of Law in Support (Doc. 44), which is unopposed. In the motion, Plaintiff requests the Court stay the proceedings while she retains new counsel. *Id.* Defendants do not oppose the motion as long as they are provided with a reasonable extension of time and a modification of the Court's scheduling Order to complete two depositions, the Plaintiff cooperates in the timely scheduling and completion of these depositions, and Defendants are not prejudiced by the case, including with respect to filing the Defendants' summary judgment motion. *Id.* at 2. The Court, having considered the motion and being fully advised in the premises, will deny the Motion to Stay.

**I.    BACKGROUND**

Plaintiff's counsel filed a Motion to Withdraw on May 13, 2019. Doc. 43. This Court granted Plaintiff's counsels' Motion to Withdraw on May 22, 2019, giving Plaintiff until June 21, 2019 to obtain new counsel and for counsel to make an appearance. Doc. 45. Additionally, the Court held a hearing on June 7, 2019, during which the parties requested an extension of the

deposition deadline. Doc. 48. The Court granted the parties until June 17, 2019 to complete the depositions of Michael Vanhorn and Dr. James Cusack. Docs. 47-48.

Less than a week after Plaintiff's counsel moved to withdraw, counsel filed the instant Motion to Stay, requesting a stay until Plaintiff retains new counsel. Doc. 44 ¶ 9. Plaintiff argues that she will be prejudiced if she is required to conduct depositions while the Motion to Withdraw is pending. *Id.* at 3.

## II. LEGAL STANDARD

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The decision whether to enter a stay requires a weighing of the parties' competing interests and the maintenance of an even balance in the case. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, Case No. 08–80611–CV, 2012 WL 602709 at * 2 (S.D. Fla. Feb. 23, 2012).

## III. DISCUSSION

The only deadline to elapse between the time the Motion to Withdraw and Motion to Stay were filed in May, and the deadline to obtain new counsel in June, is the discovery deadline, which fell on June 7, 2019. The only outstanding discovery identified in the Motion to Stay included the two depositions, whose deadlines were extended after the Motion to Withdraw was granted. Docs. 44, 48. The next upcoming deadline is that for dispositive motions, *Daubert*, and *Markman* motions. Doc. 18. Should new counsel be obtained by June 21, he or she shall have an opportunity to file a motion for extension or a motion to amend the Case Management and Scheduling Order, should he or she need to do so. Accordingly, the Court finds that a stay is not warranted in this case.

**ORDERED**:

1. Plaintiff's Motion to Stay Proceedings Pending Ruling on the Motion to Withdraw as Counsel and Memorandum of Law in Support (Doc. 44) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on June 17, 2019.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any